Filed 3/11/25  P. v. Meier CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER MICHAEL MEIER,<br><br>    Defendant and Appellant. | D084099<br><br><br>(Super. Ct. No. SCD274701) |


APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher Michael Meier appeals the denial of his motion for resentencing under Penal Code[1] section 1172.75. Under the plain language of the statute, we conclude that Meier was ineligible for resentencing. Therefore, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2018, a jury convicted Meier of two counts of first degree burglary of an inhabited dwelling (§§ 459, 460, subd. (a)), with another person present as to one count (§ 667.5, subd. (c)(21)), and of one misdemeanor count of resisting arrest (§ 148, subd. (a)(1)). Subsequently, Meier admitted to having one prison prior (§§ 667.5, subd. (b), 668), one serious felony prior (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)), and one strike prior (§§ 667, subds. (b)–(i), 668, 1170.12). The court imposed a prison term of 15 years eight months, consisting of eight years on the first burglary count (the middle term, doubled for the strike) and a consecutive two years and eight months on the second burglary count (one-third of the middle term, doubled for the strike), plus a five-year serious felony enhancement. The court stated, "I will not impose the [one] year enhancement for the prison prior pursuant to the *People v. Jones* [(1993) 5 Cal.4th 1142] decision."[2]

Meier appealed to this court. In *People v. Meier* (Oct. 10, 2019, D074589, [nonpub. opn.]), we reversed the judgment and remanded for consideration of eligibility for mental health diversion under section 1001.36. Otherwise, "[i]f the court declines to grant Meier diversion or if Meier is placed on diversion but is unsuccessful in completing his diversion program," we directed the court to "reinstate Meier's convictions and . . . resentence

---

[1] Undesignated statutory references are to the Penal Code.

[2] Despite the court's oral pronouncement, the abstract of judgment showed the prison prior enhancement as stayed.

2

Meier." (*People v. Meier, supra,* D074589.) The further sentencing proceedings would be "as appropriate" and would include the "exercise [of] discretion . . . under sections 667, subdivision (a) and 1385, subdivision (b), to either strike or reimpose the five-year prior serious felony enhancement." (*People v. Meier, supra*, D074589.)

Effective January 1, 2020, the Legislature amended section 667.5, subdivision (b), to impose a one-year enhancement only for a prison term served for conviction of a sexually violent offense, rather than for any felony. (Sen. Bill No. 136 (2018–2019 Reg. Sess.) effective Jan. 1, 2020; Stats. 2019, ch. 590, § 1.)

In April 2021, pursuant to our 2019 opinion, the trial court held the hearing to determine Meier's eligibility for mental health diversion under section 1001.36 and, if not eligible for or placed on diversion, to resentence him. The court found him ineligible for the mental health diversion program and declined to strike the serious felony enhancement. The court resentenced Meier with the "conscious exercise of [its] discretion and as of this moment in time" to "exactly the same sentence," including the section 667.5, subdivision (b), prison prior, even though the prison prior was not for a sexually violent offense.

Following that sentencing hearing, the amendment to section 667.5, subdivision (b), was given retroactive effect through Senate Bill No. 483 (Stats. 2021, ch. 728, § 3), which added what is now section 1172.75. With the exception of sexually violent offenses, section 1172.75 provides that prison prior enhancements "imposed prior to January 1, 2020" pursuant to section 667.5, subdivision (b), are "legally invalid." (§ 1172.75, subd. (a).) The statute directs the California Department of Corrections and Rehabilitation (CDCR) to identify those persons in custody "currently serving

a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).)

In 2023, CDCR identified Meier as an individual serving a prison term with a section 667.5, subdivision (b), enhancement. The trial court issued an order noting CDCR's identification, appointing counsel, and tentatively denying resentencing. After holding a hearing in March 2024, the court concluded Meier was ineligible for resentencing because of the April 2021 resentencing and "correct[ed] the record by ordering the prison prior stricken" because the enhancement was invalid at that prior resentencing.

## DISCUSSION

Meier argues the trial court erred by finding him ineligible for resentencing under section 1172.75 because: (1) the April 2021 resentencing did not render him ineligible for section 1172.75 resentencing, and (2) the statute affords relief to all defendants whose sentences include a prior prison term enhancement, whether it was imposed and executed or imposed and stayed, following *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189 (*Christianson*). The People contend the court did not err because section 1172.75 applies only to those defendants whose prior prison term enhancements were imposed and executed.

On our de novo review of this issue (*People v. Lewis* (2021) 11 Cal.5th 952, 961), we conclude Meier is ineligible for resentencing under the plain language of section 1172.75 based on the April 2021 judgment. Moreover, even if the August 2018 sentence were the relevant judgment, Meier would

4

not be eligible for resentencing because the court specifically ruled that it was not imposing the prison prior.

Under section 1172.75, the trial court must "verify that *the current judgment* includes a sentencing enhancement" "that was imposed *prior to January 1, 2020*, pursuant to subdivision (b) of Section 667.5." (*Id.* at subds. (a) & (c), italics added.) Although Meier was originally sentenced in 2018, including a stayed prison prior enhancement, we reversed and remanded that judgment for resentencing in 2019. Following remittitur, the trial court resentenced him in April 2021. Thus, the April 2021 sentence replaced the August 2018 judgment and was the "current judgment" operative at the time of Meier's March 2024 resentencing. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["We have held that when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].) The April 2021 judgment, not imposed prior to January 1, 2020, did not entitle him to resentencing by the plain language of section 1172.75.

By imposing "exactly the same sentence," the court in April 2021 included the section 667.5, subdivision (b), enhancement in the abstract of judgment. At that time, section 667.5, subdivision (b), had been amended to invalidate all prison priors except for sexually violent offenses, which Meier's was not. Accordingly, the trial court properly corrected the judgment by striking the invalid enhancement. (See *People v. Codinha* (2023) 92 Cal.App.5th 976, 990 ["A trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention."].)

Furthermore, even if the August 2018 judgment were the "current judgment," section 1172.75 would not permit resentencing. In its oral pronouncement of sentencing at that time, the court stated, "I will not impose the [one] year enhancement for the prison prior pursuant to the *People v. Jones* decision." Therefore, the prison prior enhancement was not a "sentence enhancement that was imposed" (§ 1172.75, subd. (a)) entitling Meier to resentencing. A section 667.5, subdivision (b), prior, once found true, must either be imposed or stricken. Given the prior was not imposed, it was necessarily stricken and not part of the 2018 judgment. Therefore, Meier could not receive relief under section 1172.75. Even though the abstract of judgment states that the enhancement was merely stayed, the oral pronouncement controls. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070 (*Delgado*) ["the abstract of judgment is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict"]; *People v. Burke* (2023) 89 Cal.App.5th 237, 244 ["where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls"].)

This scenario is unlike the facts in *Christianson*, where the trial court specifically stated in its oral pronouncement that it would " 'stay the prison priors.' " (*Christianson, supra*, 97 Cal.App.5th at p. 307.)

DISPOSITION

The order denying Meier's motion for resentencing is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.


7